UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAISY J. JOSEPH,

                       Plaintiff,

        -against-

SEPHORA,

                      Defendant.

23-CV-3848 (JPO)

ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

    Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. She alleges that her employer discriminated against her based on her disability. Plaintiff further alleges that she was retaliated against, in violation of the Family Medical Leave Act. By order dated May 9, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Sephora through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 form with the address for Defendant Sephora and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 12, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Sephora
   Legal Department
   525 Market Street
   San Francisco, CA 94105